## COTTON v. GARZA.

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1913.)

1. LIMITATION OF ACTIONS (§ 180*)—RAISING DEFENSE—SPECIAL EXCEPTION.

Certain items in an amended statement were specially excepted to as barred by limitations; but the original statement, filed in justice court, was not in the record. It did not appear that such items were not included in the original statement, which would have prevented their being barred. Held, that the exceptions were properly overruled, since the defense of limitations can be raised by special exception only when the bar is disclosed by the face of the petition.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.

An assignment of error, not supported by a proposition, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Juan Garza against Almon Cotton. Judgment for plaintiff, and defendant appeals. Affirmed.

J. V. Meek, of Houston, for appellant. J. H. Thomas, of Harlingen, and James Raley, of San Antonio, for appellee.

HIGGINS, J. Appellee filed suit in justice court for the recovery of double the amount of certain payments alleged to have been made as usurious interest. Upon appeal to county court, judgment was rendered against appellant in the sum of $34.52. Appellant excepted specially to certain of the alleged payments upon the ground that the same appear to have been paid more than two years prior to the filing of the suit.

[1] The defense of limitation must be specially pleaded; but it may be raised by special exception when the bar is disclosed by the face of the petition. The items against which the exceptions are directed were alleged in an amended statement; but the original statement, as filed in the justice court, is not contained in the record. The items which it is claimed were barred by limitation may have been covered by the original statement, and, if so, they would not have been barred; and, since the amended statement does not disclose that they were not contained therein, it therefore follows that they do not, upon the face of the statement,

appear to be barred, and the exceptions were therefore properly overruled.

The fourth and fifth assignments present no reversible error, and the same are overruled.

[2] The sixth assignment of error is unsupported by any proposition, and is therefore not considered. The seventh assignment, complaining of the refusal of a special charge, is overruled. We have examined that portion of the statement of facts to which we are referred for the evidence, which it is contended demanded such a charge, and fail to find any supporting the same. The eighth, ninth, and tenth assignments are without merit, and are overruled. The eleventh is too general, and is not considered.

Affirmed.